STATE OF MAINE                                          SUPERIOR COURT
Sagadahoc, ss.                                          AMH - SAG - 10/4/2011

W. R. EDWARDS, JR.

                        Plaintiff-Appellee

           v.                                          Docket No. BATSC-AP-11-06

LINDSAY LEWIA

                        Defendant-Appellant

                        DECISION ON APPEAL

This case presents an appeal from a forcible entry and detainer judgment in the West Bath

District Court, Docket No. WES-SA-11-218.   In this judgment, the District Court (Lawrence, J.)

ruled in favor of Plaintiff-Appellee W.R. Edwards, Jr., the landlord, and against Defendant-

Appellant Lindsay Lewia.  No legal briefs having been filed, the court elects to decide the case

without argument.[1]

Under the applicable rule of civil procedure, a party appealing from a forcible entry and

detainer judgment may appeal on issues of law only, or may request a jury trial *de novo*. *See* M.R.

Civ. P. 80D(f)(1), (2).   Ms. Lewia's notice of appeal does not include any demand for jury trial and

was not accompanied by an affidavit setting forth the disputed facts as to which there is a right to

jury trial.   The rule provides that a failure to file such an affidavit with the notice of appeal

constitutes a waiver of the right to jury trial, and the appeal is limited to questions of law. *Id.*

80D(f)(2)(A).  Accordingly, this court reviews the record on questions of law only.

A transcript of the proceedings in the District Court has been filed.  Neither party has filed

any brief, but the court has nonetheless conducted a review of the record, including the trial

transcript.   As a result, this court is unable to discern an error of law in the District Court decision.

---

[1]   The court has also not considered various filings made by Ms. Lewis and Mr. Edwards for
purposes of the merits of this appeal, because those filings relate to the stay of the writ previously
granted.

1

The trial transcript indicates that the District Court considered the validity of the notice to quit, a copy of which was filed with the complaint. The transcript as well as the District Court's written decision indicate that the court also considered the Defendant-Appellant's claim that the Plaintiff-Appellee had failed to make repairs to the structure and appliances, and determined they were insufficient to establish a breach or otherwise to defeat the landlord's claim.

Because the Defendant-Appellee has failed to demonstrate any error of law in the underlying decision and judgment, her appeal must be denied. However, the court will extend the stay of issuance of the writ of possession for a limited additional time. *See* M.R. Civ. P. 80D(j)(4).

IT IS HEREBY ORDERED AS FOLLOWS:

1. The appeal of Lindsay Lewia from the forcible entry and detainer judgment in the case docketed as WES-SA-11-218 is denied. The judgment is affirmed.

2. The stay of issuance of a writ of possession for the premises is hereby terminated effective at 11:59 p.m. October 11, 2011. The clerk is authorized to issue the writ on October 12, 2011 or thereafter.

3. Plaintiff-Appellee is awarded his costs on appeal, if any.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Date:  October 4, 2011

A. M. Horton
Justice, Superior Court

2

STATE OF MAINE                                    SUPERIOR COURT
Sagadahoc, ss.                                    AMH - SAG - 10/4/2011

W. R. EDWARDS, JR.

Plaintiff-Appellee

v.                                                Docket No. BATSC-AP-11-05

LINDSAY LEWIA

Defendant-Appellant

### ORDER DISMISSING APPEAL

In this case, W.R. Edwards appeals from a decision granting judgment on his forcible entry and detainer complaint to Lindsay Lewia. However, in another case, the court has this day upheld a forcible entry and detainer judgment granted to Mr. Edwards against Ms. Lewia for the same property. *See Edwards v. Lewia,* SAGSC-AP-11-06.

Because Mr. Edwards has been granted the same relief in that case that he could obtain in this case if he were to prevail, this case is moot. If this court's decision in the other case is overturned on appeal, Mr. Edwards may move to vacate the dismissal or seek other relief, but for the time being, it appears that neither the court's nor the parties' resources should be expended further in this case.

IT IS ORDERED:

For the reasons stated, this appeal is hereby dismissed without prejudice.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Date:    October 4, 2011        _____
                                A. M. Horton
                                Justice, Superior Court

1